Kirkpatrick, C. J.
This is an action of debt [379] upon a bond conditioned for the faithful performance of the office of constable.
It is brought in the name of The Inhabitants of the township of Middletown, in the ooimty of Monmouth, being their name of incorporation, against Dennis M’Cormick, the constable, and Timothy Murphy, Esq., one of his sureties, who have survived Charles DuBois, the other surety and obliger.
Upon oyer prayed, the bond appears to be expressed in these words, viz.: “ Know all men by these presents, that *94 we, Dennis M’Cormick, Timothy Murphy, and Charles DuBois, in ■ the'county of Monmouth, and State of New Jersey, are held and firmly bound unto The Inhabitants of the township of Middletown aforesaid, in their corporate capacity, in the sum of one thousand dollars, each, to be paid,” &c., omitting in the corporate name the words, in the county of Monmouth; and it is conditioned for the doing and executing all services, acts and duties appertaining to the said [*] office, &c., which is broader than the words of the act under which it is supposed to have been taken.
To this declaration, after oyer, &c., as aforesaid, it is demurred; and upon the argument the counsel rests his demurrer upon these three points, viz.:
1st. The bond is void, because it is not given to the corporation in its corporate name.
2d. The bond is void, because the condition is broader than the act requires, to wit, the 52d ^section of the act constituting courts for the trial of small causes, on which it is said to be founded.
3d. Because the bond is several, and the action is joint against the surviving obligors.
The two first of these points have been fully considered, and I had thought settled, in the case of Woolwich v. Forrest, &c. (ante, 115.) But the learned counsel Avho argued that case for the plaintiff, being now concerned on the other side, seems to have caught a new ray of light upon the subject. For my own part, not having changed the medium through which I then vieAved it, it appears to me in this case just as it did in that. In the argument some notice has been taken of Avhat was said from the bench in the Woolwich case. Much time has been spent to show the office of averments, and that no averment can make that good which is originally vicious. This is certainly true. Nor is the contrary, in the slightest degree intimated, much less maintained, in the case referred to, according to my understanding of that case.
*95 It is there laid down that there is, as to the necessity of the corporate name, a distinction between writs, and grants, obligations, &c., that in a writ, the least [380] variation from the true corporate name, whether in matter of form or substance, will vitiate the writ, and abate the suit; because all persons, as well artificial as natural, must appear in courts by their proper names; but that in grants, obligations, &c., it is not strictly so, for in these, much greater latitude is given. [*]
How all that is said about averments, in that ease, is that when a corporation appears in court in its proper corporate name, and declares upon a bond in which there is a variance from that name, it must be averred, in some form or other, that the corporation suing and the corporation named in the bond is one and the same corporation; and that for the sake of consistency in the record, but by no means to make a bond good which is in itself vicious. It certainly never could have entered into the mind of any man that a bond in itself void from its very creation, could be made good by averment.
Having said this much by way of correcting what I suppose to have been a mistake as to what was said in the Woolwich case, I have only to add that, upon the substance of the thing, I am perfectly satisfied with the decision there rendered as to the two first points here insisted upon, to wit, that they are not sufficient to maintain the demurrer.
But the third, to wit, that the bond is several and not joint, appears to me to be conclusive against the plaintiff. I can give the words no construction which will make it a joint bond. And it is immaterial whether such construction would be more or less for the benefit of the defendants. We can render judgment only according to the obligation.
Rossell, J. — Was of the same opinion.
Pennington, J.
The principal objection to this action is, that it is founded on a bond containing a condition not *96 warranted by law. The bond was taken by the inhabitants of a township, of a constable. As there is no other act authorizing townships to take bonds of constables respecting the execution of the duty arising out of their office, but that provided by the 52d section of the act constituting courts for the trial of small causes, it is, I think, a legal presumption that this bond was taken under that act. The direction of this act has not been followed either in form or substance, for which [*] reason I think the bond invalid, and that no action can be maintained on it. On a review of this subject, and the best consideration I have been able to give it, I very much question the authority of towmships to take bonds of constables to enforce the performance of legal duties, except in the case especially provided for by statute. Here is [381] a bond taken of a constable in the name of a township, in the penalty of three thousand dollars, conditioned, among other things not required by the statute, “ that in all respects whatsoever, he shall do and execute all services, acts, and duties appertaining to his office to the best of his judgment and ability.” It is absurd to bind an officer by bond to act according to his judgment. Besides, it appertains to the office of constable, for instance, to attend the courts of general quarter sessions of the peace held in his county; suppose a constable thus bound should not attend a regular session of that court, or even neglect to do it for one day, and that too against his best judgment, both the letter and spirit of the condition would be departed from, and the bond forfeited. By what rule are the damages to be assessed in this case ? Surely the penalty of the bond could not be considered as the measure of damages. And to whom will the damages belong ? Is the town to pocket the money? the county, or the State? Surely neither the one nor the other. The law points out other modes for punishing constables for neglect of duty in this respect. The bond to be taken to a constable by the town *97 committee in the name of the inhabitants of the township, is intended to provide against the delinquencies of constables in the cases arising under the act constituting courts for the trial of small causes, and is in the nature of sheriff’s surety bond, and as I apprehend ought to be confined to that object, and taken according to the directions of the act, if not literally, at least substantially.
As to the objection arising from leaving out of the bond the name of the county, in the corporate name of the township, I have on a former occasion[1] considered [*] it matter of substance, and therefore fatal in a bond; since which I have seen a modern case, adjudged in the English Court of Common Pleas, wherein the judges determined, that the omission in the declaration of the name of a county, being part of a corporate name, must he pleaded in abatement, and Buller’s Justice intimates an opinion that it is not matter of substances, but matter of addition. It is to be observed, however, that we have in this State, townships of the same name in different counties. If this was the only objection, however, I should strive to get over it as too strict. On the first point I am of opinion, that the defendants must have judgment; it is therefore unnecessary for me to consider the third objection.
Judgment for defendants.
Explained in Brinkerhoof v. Doremus, 5 Halst. 119.
Criticised is Vroom v. Smith’s 2 Gr 479
Cited in Upper Alloways v. String, 5 Halst 323; Camp v. Allen, 7 Halst. 1; Den Cairns v Hay, 1 Zab. 174; Hoboken Build. Asso. v. Martin, 3 Beas 427.

 State Beports, 1.19.